IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRYN ELLIS**                                                                                             **PETITIONER**

**VERSUS**                                                      **CIVIL ACTION NO. 3:18-cv-850-CWR-MTP**

**SUPERINTENDENT RON KING**                                               **RESPONDENT**

### ORDER

THIS MATTER is before the Court on Petitioner's Motion [9] for an Evidentiary Hearing. Petitioner requests an evidentiary hearing to explore and develop the issues he asserts support his Petition for habeas corpus. He moves for this evidentiary hearing under Rule 8 of the Rules Governing Section 2254 Cases in District Court.

The decision to grant an evidentiary hearing in a habeas case lies with the district court. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true would entitle the applicant to federal habeas relief." *Id*. at 474. The Court must consider the deferential standard of § 2254 when deciding to hold an evidentiary hearing. *Id*. "An evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Id*. (quoting *Totten v. Merkle*, 137 F. 3d 1172, 1176 (9th Cir. 1998)). Petitioners are not entitled to develop insubstantial factual allegations through evidentiary hearings. *Id*. at 475.

Respondent has not replied to Petitioner's Motion [9] for an Evidentiary Hearing but filed a Motion to Dismiss [7] arguing that the Petition was untimely. As the Court cannot address the need for an evidentiary hearing until the Motion to Dismiss is considered, the Motion [9] for an

Evidentiary Hearing should be denied as premature. Petitioner is ordered respond to the Motion to Dismiss [7] on or before **March 22, 2019**.

IT IS, THEREFORE, ORDERED that Petitioner's Motion [9] for an Evidentiary hearing is DENIED as premature. It is further ordered that Petitioner shall respond to the Motion to Dismiss [7] on or before **March 22, 2019**.

SO ORDERED, this the 12th day of March, 2019.

<u>s/Michael T. Parker</u>
United States Magistrate Judge