## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**BRYN ELLIS, #186582**                                                    **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 3:18-cv-850-CWR-MTP**

**SUPERINTENDENT RON KING**                                        **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Bryn Ellis for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d).  Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [7] be granted and the Petition [1] be dismissed with prejudice.[1]

### BACKGROUND

On October 4, 2013, Petitioner was convicted of murder in the Circuit Court of Hinds County, Mississippi. Sentencing Order [7-1].  The court sentenced Petitioner to a term of life imprisonment in the custody of the Mississippi Department of Corrections ("MDOC").  *Id.*  On December 15, 2015, the Mississippi Court of Appeals affirmed. MSCOA Opinion [7-2]; *Ellis v. State*, 196 So. 3d 1029 (Miss. Ct. App. 2015).  The Mississippi Supreme Court denied certiorari on August 4, 2016 and Petitioner did not seek a writ of certiorari from the United States Supreme Court. Order [7-3].

On March 1, 2018, Petitioner filed a state petition for post-conviction relief ("PCR"). Petition [7-4].  On April 25, 2018, the Mississippi Supreme Court dismissed the petition, finding

---

[1] Petitioner has also filed a Motion [10] for Summary Judgment.  As the undersigned recommends dismissing the Petition as untimely, the Motion for Summary Judgment should be denied.

that the claims were procedurally barred because they were raised at trial and on direct appeal or were capable of being raised in those proceedings. Order [7-5]. Furthermore, the court found that the claims did not have merit. *Id.* Petitioner filed a Motion for Reconsideration and the Mississippi Supreme Court dismissed the motion on July 2, 2018. [8-9] at 29.

On October 5, 2018, Petitioner filed a "Federal Rights Petition" in state court. Petition [7-6]. On October 16, 2018, the Mississippi Supreme Court dismissed the petition without prejudice to be filed in the appropriate federal court. Order [7-7].

On December 10, 2018, Petitioner filed his Petition for Writ of Habeas Corpus [1] seeking a new trial, an evidentiary hearing, reversal of his conviction, and a reduction of his sentence. Petition [1] at 15. Thereafter, Respondent filed a Motion to Dismiss [7] claiming that the Petition [1] was untimely and should be dismissed with prejudice.

## ANALYSIS

Respondent submits that the Petition is untimely under 28 U.S.C. § 2244(d) because it was filed more than a year after Petitioner's conviction became final. 28 U.S.C. § 2244(d) provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner must file the petition within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.*

The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The record reflects that Petitioner's conviction became final on November 2, 2016, ninety days after the Mississippi Supreme Court denied certiorari, when the time ran to apply for certiorari to the United States Supreme Court. The statute of limitations for federal habeas relief began to run that day, and Petitioner was required to file his Petition by November 2, 2017, unless he was entitled to equitable or statutory tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition [1] on December 10, 2018, over a year after the statute of limitations expired.

**Statutory Tolling**

The one-year limitation period may be tolled if within that year a "properly filed application for State post-conviction or collateral review" remains pending. 28 U.S.C. § 2244(d)(2). Petitioner filed a petition for leave to file post-conviction collateral relief on March 1, 2018 and a "Federal Rights Petition" on October 5, 2018. *See* [7-4], [7-6]. Neither were filed before November 2, 2017, and thus did not toll the limitation period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired). Therefore, statutory tolling under § 2244(d) does not apply in this instance.

**Equitable Tolling**

There is another exception to the one-year limitation: equitable tolling. To establish equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Equitable tolling only applies in rare and exceptional circumstances. *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013).

Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Davis v. Vannoy*, 762 Fed. App'x 208, 208 (5th Cir. 2019) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The petitioner bears the burden of proof concerning whether there are "rare and exceptional circumstances" that toll the period. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his Response [13] in opposition to the Motion [7] to Dismiss, Petitioner asserts that he is entitled to proceed with his Petition because he believes he suffered ineffective assistance of counsel,[2] that the Confrontation Clause was violated during his trial, that an essential element of the crime was not established by the State, and that Mississippi law has changed. All of these claims could have been addressed at trial or on appeal to the Mississippi appellate courts. These arguments do not qualify as rare and exceptional circumstance for purposes of equitable tolling. *See McLemore v. Bradley*, 2018 WL 4839233, at *3 (S.D. Miss. Aug. 8, 2018) (holding that substantive arguments regarding the merits do not show rare and exceptional circumstances or that petitioner diligently pursued his rights).

Petitioner also "continues to state his actual innocence." Resp. [13] at 1. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar… or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful claims of actual innocence on habeas review are rare. *Id*. A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 n. 42 (1995)). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

---

[2] Petitioner relies on *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) for the proposition that untimeliness of the Petition can be overcome due to his ineffective assistance of counsel claim. Those cases, however, address when an ineffective assistance of counsel claim may be raised in a habeas petition despite the petitioner's procedural default on those issues, not the untimely filing of the petition.

Petitioner has not come forward with "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" to support a claim of actual innocence. *Schlup*, 513 U.S. at 329.  He claims that the cellular data used at his trial was not accurate and that testimony regarding the murder weapon did not comply with the Federal Rules of Evidence. Resp. [13] at 5-8.  These bare assertions do not suffice as "exculpatory scientific evidence" or other "critical physical evidence."  As Petitioner's actual innocence claim is not supported by appropriate evidence, he cannot avoid the procedural bar.

**Evidentiary Hearing**

Petitioner requests an evidentiary hearing.  Pet. [1] at 15.  Such a hearing is not warranted because the Court does not reach the merits of his Petition due to the expiration of the one-year statute of limitations.  Moreover, a habeas petitioner is not entitled to discovery or a hearing as a matter of course.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  As the Petition is untimely, the matter of an evidentiary hearing is moot.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1.  Respondent's Motion to Dismiss [7] be GRANTED.

2.  The Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

3.  Petitioner's Motion [10] for Summary Judgment be DENIED.

## NOTICE OF RIGHT TO OBJECT

Pursuant to the Rules of this Court, any part, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the

Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 16th day of July, 2019.

 s/ Michael T. Parker
United States Magistrate Judge